

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion Number O-4835
Re: Whether an independent
school district may em-
ploy someone other than
attorney at law to col-
lect delinquent taxes.

We have received your letter of September 10, 1942,
in which you enclose certain letters written by J. B. Seay,
Secretary of the Board of Trustees of the Kenedy Independ-
ent School District. We quote the following from Mr. Seay's
letter of August 3, 1942, to the County Attorney of Karnes
County:

"We, therefore, request your opinion on the
following questions:

"(1) Bearing in mind that we have no com-
plaint as to the manner or method or degree of
efficiency of the contract tax collector, can
the Kenedy Independent School District cancel
the contract without rendering itself liable
to the collector in a suit for any profits he
might have earned?

"(2) Does the law require that a delinquent
tax collection agency be an attorney?

"(3) If it is required that such a delinquent
tax collecting agency be an attorney, and a con-
tract has been entered into with such an agency

that is not an attorney, is such contract cancellable without liability to the District, without other cause?

"(4) Is an attorney, by law or ethics, permitted to solicit the business of collecting delinquent taxes from a municipality of the State?

"(5) If a contract has been obtained by an attorney who has solicited the contract, and soliciting such business by an attorney is prohibited by law or ethics, is such contract cancellable for such reason without the District being liable?

"(6) In the letting of such contracts, is a municipality required to request or advertise for bids and is an attorney permitted to solicit the business by bidding?"

We wrote Mr. Seay and requested that he furnish this department a copy of the contract under consideration. After an examination of the contract we are convinced that it is illegal and void, and constitutes no claim against the school district.

Article 7343 provides as follows:

"In any incorporated city or town in which any tracts, lots, outlots or blocks of land, situated within the corporate limits of said city or town have been returned delinquent, or reported sold to said city or town for the taxes due thereon, the governing body may prepare or cause to be prepared lists of delinquents in the same manner as provided in this chapter, and such lists shall be certified to as correct by the mayor of said city or town, if any, and if said city or town has no mayor,

Honorable T. M. Trimble, page #3

by the presiding officer of the governing body.
After said lists have been properly certified
to, the governing body of the city may cause
lists of delinquents to be published in a news-
paper as provided for State and county delinquent
taxes in this law. When twenty days from the
date of last publication of said list or lists
of delinquents has elapsed, the governing body
of the city or town may direct the city attorney
to file suits for collection of said taxes, or
said governing body may employ some other attorney
of the county to file suits and the city attorney
or other attorney filing said suits shall be en-
titled to the same fees as allowed the county
attorney or district attorney in suits for col-
lection of State and county taxes, to be taxed
as costs in the suit. Independent school districts
may collect their delinquent taxes as above pro-
vided for cities and towns, the school board per-
forming the duties above described for the govern-
ing body of cities, and the president of the school
board performing the duties above prescribed for
the mayor or other presiding officer. The school
board may, when the delinquent tax lists and records
are properly prepared and ready for suits to be fil-
ed, instruct the county attorney to file said suits.
If the school board instructs the county attorney
to file said suits and he fails or refuses to do so
within sixty days the school board may employ some
other attorney of the county to file suit. The
county attorney, or other attorney, filing tax
suits for independent school districts, shall be
entitled to the same fees as provided by law in
suits for State and county taxes. No other county
officer shall receive any fees unless services are
actually performed, and in that event he shall only
receive such fees as are now allowed him by law for
similar services in civil suits. The employment of
an attorney to file suit for taxes for cities, towns
or independent school districts shall authorize said
attorney to file said suits, swear to the petitions
and perform such other acts as are necessary in the
collection of said taxes.

Honorable T. M. Trimble, page #4

> "All laws of this State for the purpose of
> collecting delinquent State and county taxes
> are by this law made available for, and when
> invoked shall be applied to, the collection of
> delinquent taxes of cities and towns and inde-
> pendent school districts in so far as such laws
> are applicable."

Articles 7335 and 7335a, Vernon's Annotated Civil
Statutes, authorizing the employment of an attorney to en-
force or assist in the enforcement of delinquent taxes for
a percentage of collections not exceeding fifteen, are avail-
able to independent school districts. Bell v. Mansfield In-
dependent School District (Sup. Ct.), 129 S. W. (2d) 629.

For the purpose of this opinion we will call the firm
which contracted with the school district "X and Company".
The contract itself is between the district, acting by and
through its board of trustees, and X and Company. It is sign-
ed in the name of the district by the trustees and X and Com-
pany by X.

X and Company is a firm dealing in municipal securi-
ties and tax matters. Y is listed as its president and X
as its attorney. The contract calls for the compilation of
a delinquent tax record, the making of abstracts, the filing
of suits, etc. Paragraphs 3, 4, 5, 7, 10, and 12 provide
respectively as follows:

> "When it becomes necessary to prepare and
> file a suit or suits for the enforcement and
> collection of delinquent taxes, penalty, int-
> erest, and cost, upon any of said property,
> as hereinafter provided, Second Party (X and
> Company) agrees to make and furnish First Party
> (school district) an abstract to the property,
> which shall show the amount of delinquent tax-
> es, penalties, interest and cost due against
> each and every tract of land, lot or parcel of
> land, or personal property, situated in said

District, which shall show the correct description of said property, the name or names of the owner or owners thereof, as well as the correct name or names of all interested parties therein, and the name or names of all outstanding lien holder or holders or lease holder or holders of record and all other information necessary for the proper preparation of filing any suit or suits for the collection of delinquent taxes, penalties, interest and cost, all of which record shall be prepared at the cost and expense of the Second Party; provided, however, that no suit or suits shall be filed except upon the direct orders and instructions of the First Party had and obtained. (Parenthetical insertions ours).

"When a suit or suits is ordered filed by First Party, Second Party shall file same, together with all necessary petitions, papers, exhibits and statements, and procure all duly and legally required processes, service and citation with the return thereon, upon the party or parties owning such property or having an interest therein, and Second Party shall diligently prosecute such suit or suits to final judgment and foreclosure of the constitutional tax lien at his, Second Party's, cost and expense, and such cost and expense to be paid by Second Party to include final judgment of foreclosure, order of sale and sale of such property upon which the constitutional lien is foreclosed.

"It is understood that all court costs paid by Second Party and afterwards collected by Second Party or paid into the hand of First Party shall be re-paid to Second Party by First Party, as of and when the same are collected.

Honorable T. M. Trimble, page #6

"First Party may retain out of any sum or
sums of money due Second Party by First Party
a sufficient amount of money, in the judgment
of First Party, to cover all costs and the
final prosecution of any suit or suits filed
upon the orders of First Party until such time
as Second Party shall furnish First Party a
receipt showing the payment of all costs and
expenses in such suit or suits as may be filed
by Second Party for and on behalf of First Party.

"This contract shall be in force from the 6th
day of May, 1942, to the 6th day of May, 1944,
both dates inclusive, and at the expiration of
said period this contract shall terminate except
the Second Party shall be allowed six months in
which to prosecute to trial court judgments suits
filed prior to the 6th day of May, 1944, termina-
ting date of this contract provided, and shall
handle to conclusion all suits in which trial
court judgments are obtained during the period
of this contract and which are appealed by any
party.

"At the terminating date of this contract,
May 6, 1944, Second Party, from his reports and
records of unpaid delinquent taxes available to
him, shall prepare and file with the Board of
Trustees of the Kenedy Independent School Dis-
trict a report showing the amount of taxes ap-
plicable to the terms of this contract, the amount
collected and the amount uncollected. Said report
shall further show separately the uncollected tax-
es for which suit has been filed and carried to
final judgment, the uncollected taxes for which
suit has been filed and not carried to final judg-
ment, and the uncollected taxes for which no suit
has been filed, which amounts when summed up shall
represent the total uncollected delinquent taxes
of the Kenedy Independent School District, as of
May 6, 1944, terminating date of this contract."

Honorable T. M. Trimble, page #7

Paragraph 8 provides, in part, as follows:

"It is understood and agreed between the
parties hereto that First Party shall retain
five per cent (5%) of the commission due Second
Party, until First Party is satisfied that all
delinquent taxes are collected or all tax suits
are filed and carried to final judgment."

There can be no doubt that the contract contemplates
the filing and prosecution of suits. There can also be no
doubt that X and Company is not an attorney licensed to prac-
tice law. We quote the following from Opinion Number O-2959:

"In view of the provisions contained in the
last paragraph of Article 7343, Revised Civil
Statutes, decisions and rulings concerning the
power of commissioners' courts to make con-
tracts for the collection of delinquent State
and county taxes are pertinent to your inquiry.
In our opinion No. O-197, we held that a com-
missioners' court could not make a valid con-
tract with a person not a lawyer embodying an
obligation on the part of such person to per-
form all the services contemplated by Article
7335, the filing and prosecution of suits, etc.,
and in our Conference Opinion No. 3064 we held
that such a contract could not lawfully be made
between a county as 'first party' and two per-
sons, one a licensed attorney and the other not,
as 'second party'. We now express the further
view that only a licensed attorney may be em-
ployed under the authority of Article 7335,
except as to obtaining abstracts. * * *"

X is a licensed attorney. It may be contended that
this fact would prevent the contract from being illegal. We
quote the following from Opinion No. O-197:

Honorable T. M. Trimble, page #8

"It has been suggested that perhaps the
contract is not illegal because Mr. DeWitt
might employ an attorney to go into court and
do the legal work for him; but this subter-
fuge cannot be resorted to for two reasons,
first, because the contract specifically says
that it 'is for personal services and is not
transferable or assignable', and, second, be-
cause if it is unlawful for a man to do a thing
directly it is also unlawful for him to do it
through an agent or employee indirectly, as is
so aptly stated in reference to practicing law
in the case of Cain vs. Merchants Natl. Bank &
Trust Co. of Fargo (Sup. Ct. of N. Dak.), 268
N. W. 719, as follows:

    " 'Since it has no right to practice
    law directly, it cannot do so indirect-
    ly by employing a licensed attorney to
    practice for it, as that would be a
    mere evasion of the law.'

"It has also been suggested that if this con-
tract is illegal as to those parts that require
Mr. DeWitt to practice law, that the balance of
the contract should be allowed to stand, but we
feel that the whole contract should fall because
of the rule stated in the case of Hendricks vs.
Wall, 277 S. W. 207, as follows:

    " ' ...A contract, based upon more than
    one consideration, any one of which is
    unlawful, whether violative of a statute
    or the common law, is not divisible so
    that one of its provisions may be en-
    forced, but the contract as a whole is
    unenforceable and void.' "

The contract is with X and Company. X and Company
is not an attorney at law. The contract for that reason

148

is illegal and void. This holding renders unnecessary the answering of the enumerated questions. We enclose for your consideration copies of Opinions Numbers O-197, O-934, (Conference Opinion 3064), and No. O-2959.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
Assistant

GWS/s

APPROVED SEP 25, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

